Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Elizabeth A. Kramer (SBN 293129)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
jelias@girardsharp.com
ekramer@girardsharp.com



*Counsel for Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B. and C.D., on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; JAMES MASON HEAPS, M.D.; AND JOHN DOES 1-20,<br><br>Defendants. | CASE NO. 2:19-CV-06586-RGK-(Ex)<br><br>**STIPULATION FOR PROTECTIVE ORDER**[1]<br><br>**DISCOVERY MATTER** |

---

[1] This Stipulated Protective Order is based on the model protective order provided under Magistrate Judge Alka Sagar's Procedures with the additional incorporation of protections required for the production of medical records.

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action involves allegations of sexual harassment and sexual violence that occurred within a medical practice and is likely to include highly personal, sensitive, painful, and intimate materials for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things: medical records; documents that provide specific information about reports and investigations of sexual harassment or sexual violence, counseling, mental health, and medical treatment; personnel files; education records; information regarding confidential business practices; information implicating privacy rights of third parties; confidential business or financial information; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: This action—*A.B. and C.D. v. The Regents of the University of California*, Case No. 2:19-cv-06586-RGK-AS—and any actions that are consolidated with this action after entry of this order.

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL."

    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>FERPA</u>: the law known as the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and any regulations passed pursuant to that Act by the Department of Education or any other federal agency.

2.9 <u>Protected Education Records</u>: "personally identifiable information" and education records as defined by FERPA.

2.10 "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party believes reasonably and in good faith warrants an additional level of protection because it is so sensitive that disclosure to the Receiving Party, even under the strictures imposed by the designation of the material as Confidential hereunder, is likely to cause harm to a Party or Non-Party.

2.11 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12 <u>Non-Party</u>: a natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13 <u>Outside Coul of Record</u>: attorneys who are not employees of a party to this Action but are retain to represent or advise a party to this Action and have appeared in this Action halfof that party or are affiliated with a law firm which has appeared on behalf of party, and includes support staff.

2.14 <u>Party</u>: any p to this Action, including all of its officers, directors, employees, consultants, ed experts, and Outside Counsel of Record (and their support staffs).

2.15 <u>Producing Pa</u> Party or Non-Party that produces Disclosure or Discovery Material in thilon.

Case 2:19-cv-06586-l

2.16 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL."

2.18 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.19 **HIPAA**: the law known as Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26, and 42 of the United States Code.

2.20 **Privacy Standards**: the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.

2.21 **Protected Health Information**: any Discovery or Discovery Material that fits within the meaning set forth in 45 C.F.R. §§ 160.103, 164.501, and 164.514, including the following subscriber, patient, or member identifiers: (a) names; (b) all geographic subdivisions smaller than a State, including street address, city, county precinct, and zip code; (c) all elements of dates (except year) for dates directly related to an individual, including birth day, admission date, discharge date, and date of death; (d) telephone numbers; (e) fax numbers; (f) electronic mail addresses; (g) social security numbers; (h) medical record numbers; (i) health plan beneficiary numbers; (j) account numbers; (k) certificate/license numbers; (l) vehicle identifiers and serial numbers, including license plate numbers; (m) device identifiers and serial numbers; (n) web universal resource locators ("URLs"); internet protocol ("IP") address numbers; (p) biometric identifiers, including finger and voice prints; (q) full face photographic images and any comparable images; and/or (r) any other unique identifying number, characteristic, or code.

Case 2:19-cv-06586-l

4

STIPULATION FOR PROTECTIVE ORDER
CASE NO. 2:19-CV-06586-RGK-AS

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge or by separate agreement. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for testimony given in other pretrial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7
STIPULATION FOR PROTECTIVE ORDER
CASE NO. 2:19-CV-06586-RGK-AS

5.3 <u>Protected Health Information.</u> Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), good cause exists for the issuance of a qualified protective order. Confidentiality is required by HIPAA and the Privacy Regulations for all medical health records and is necessary to protect Protected Health Information maintained by any party. Any party and/or Covered Entity who is served with a discovery request or subpoena in this litigation may disclose Protected Health Information in response to such request or subpoena, as permitted by law. This is intended to authorize such disclosures pursuant to 45 C.F.R. § 164.512(e) of the Privacy Regulations issued pursuant to HIPAA. However, nothing in this Order shall limit any party and/or Covered Entity from redacting Protected Health Information irrelevant to this Action, consistent with 45 C.F.R. §§ 160.103, 164.501, and 164.514.

Further, pursuant to 45 C.F.R. § 164.512(e)(1)(v), this Order is also a Qualified Protective Order and all parties and their attorneys are hereby:

    (a) Prohibited from using or disclosing the Protected Health Information for any purpose other than this litigation for which the Protected Health Information was requested, including any appeal thereof; and

    (b) Required to return to the Covered Entity or to destroy the Protected Health Information (including all copies made) obtained in this litigation within thirty (30) days of the entry of final judgment not subject to further appeal, except that counsel are not required to secure the return or destruction of Protected Health Information submitted to the Court.

8

STIPULATION FOR PROTECTIVE ORDER
CASE NO. 2:19-CV-06586-RGK-AS

5.3  **Protected Educational Records.** Some of the documents requested in this Action may contain "personally identifiable information" as defined by FERPA. Pursuant to FERPA, production of some documents in unredacted form may require notice be provided to those students whose information is at issue. Absent written consent from the subject student(s) or court order, prior to producing any document containing student personally identifiable information, the Regents of the University of California will redact such information from the documents so produced. Should Plaintiffs request any documents containing student personally identifiable information be produced in unredacted form, the parties shall meet and confer about the matter and seek a determination from the Court if necessary.

5.4  **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1  **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2  **Meet and Confer.** The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. See http://www.cacd.uscourts.gov/honorable-alka-sagar.

6.3  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Protected Information or Items Not Designated "HIGHLY CONFIDENTIAL.</u>" Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," or "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

Case 2:19-cv-06586-RGK-E

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) any other person that the Designating Party agrees to in writing.

7.3 <u>Disclosure of Protected Information or Items Designated "HIGHLY CONFIDENTIAL."</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) House Counsel of the Receiving Party, as well as employees of said House Counsel, to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) any other person or entity that the Designating Party agrees to in writing.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and

Case 2:19-cv-06586-RGK-E

expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    (a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "PROTECTED HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER," "PROTECTED EDUCATION RECORDS – SUBJECT TO PROTECTIVE ORDER," and/or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

    (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

        (1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

        (2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3)    make the information requested available for inspection by the Non-Party, if requested.

    (c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If

13

the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   **FINAL DISPOSITION**

    After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 3, 2020

/s/ *Daniel C. Girard*
Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Elizabeth A. Kramer (SBN 293129)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
dgirard@girardsharp.com
jelias@girardsharp.com
ekramer@girardsharp.com

Eric H. Gibbs (SBN 178658)
Amy M. Zeman (SBN 273100)
Amanda M. Karl (SBN 301088)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
amz@classlawgroup.com
amk@classlawgroup.com

*Counsel for Plaintiffs*

16
STIPULATION FOR PROTECTIVE ORDER
CASE NO. 2:19-CV-06586-RGK-AS

| | | |
|---|---|---|
| 1 | DATED: February 3, 2020 | /s/ *Debra Yang* |
| 2 | | Debra Wong Yang (SBN 123289) |
| | | Catherine A. Conway (SBN 98366) |
| 3 | | Jesse A. Cripps (SBN 222285) |
| 4 | | Matthew A. Hoffman (SBN 227351) |
| | | **GIBSON, DUNN & CRUTCHER LLP** |
| 5 | | 333 South Grand Avenue |
| 6 | | Los Angeles, CA 90071-3197 |
| | | Tel: (213) 229-7000 |
| 7 | | dwongyang@gibsondunn.com |
| 8 | | cconway@gibsondunn.com |
| | | jcripps@gibsondunn.com |
| 9 | | mhoffman@gibsondunn.com |

*Attorneys for Defendant The Regents of the University of California*

| | | |
|---|---|---|
| 13 | DATED: February 3, 2020 | /s/ *Marc Smith* |
| 14 | | Marc Smith (SBN 72717) |
| | | Daniel L. Reback (SBN 239884) |
| 15 | | Georgia Skoumbis (SBN 255919) |
| 16 | | Tracy Green, Of Counsel (SBN 137869) |
| | | **KRANE & SMITH, APC** |
| 17 | | 16255 Ventura Blvd., Suite 600 |
| 18 | | Encino, CA 91436 |
| | | 16255 Ventura Blvd., Suite 600 |
| 19 | | Encino, CA 91436 |
| 20 | | Tel: (818) 382-4000 |
| | | Fax: (818) 382-4001 |
| 21 | | msmith@kranesmith.com |
| 22 | | dreback@kranesmith.com |
| | | gskoumbis@kranesmith.com |
| 23 | | tgreen@kranesmith.com |

*Attorneys for Defendant James Mason Heaps, M.D.*

1 | FOR GOOD CAUSE SHOW, IT IS SO ORDERED.
2 |
3 | Dated: 2/4/20
4 | Honorable ~~Alka Sagar~~ Charles F. Eick
5 | United States Magistrate Judge
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *A.B. and C.D. v. The Regents of the University of California*, Case No. 2:19-cv-06586-RGK-AS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____